UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| SIMS A. WHALEN,<br>　　Plaintiff,<br><br>　　v.<br><br>GLEAM, LLC; BRISTOL YACHT CHARTERS LLC and LENMARINE, INC.,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:24-cv-00347-MSM-PAS |
| SIMS A. WHALEN,<br>　　Plaintiff,<br><br>　　v.<br><br>ANDREW TYSKA and DENNIS GUNDERSON,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:24-cv-000523-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Sims Whalen, brings these maritime personal injury actions against defendants Gleam, LLC ("Gleam"), Bristol Yacht Charters LLC ("Bristol Yacht"), and Lenmarine, Inc. ("Lenmarine"), Andrew Tyska, and Dennis Gunderson for alleged injuries suffered aboard a sailing yacht *GLEAM* ("the Vessel").

Before the Court is Mr. Whalen's Motion to Dismiss Gleam's Counterclaim and his Motion to Dismiss Bristol Yacht's Counterclaim. (C.A. No. 1:24-cv-00347: ECF

No. 28 & 29; C.A. No. 1:24-cv-000523: ECF No. 14 & 15.)  The cases were consolidated for discovery purposes.  (Text Order, Feb. 3, 2025.)

Mr. Whalen's Complaint alleges that on September 3, 2023, he suffered a traumatic brain injury while sailing aboard the Vessel.  (C.A. No. 1:24-cv-00347: ECF No. 1 ¶¶ 1, 13.)  Mr. Whalen, along with several of his college sailing teammates, traveled to Newport, Rhode Island to participate in the Newport Classic Yacht Regatta ("Regatta").  *Id.* ¶ 28.  During the Regatta, Mr. Whalen assisted the Vessel's crew with trimming the mainsheet.  *Id.* ¶ 30.  Upon executing a gybe—a sailing maneuver where a boat changes course by turning its stern through the wind, causing the sail to shift from one side to another—the Vessel's boom (a solid wood beam on the mainsail) struck Mr. Whalen causing him to fall to the deck.  *Id.* ¶¶ 32, 33.  Mr. Whalen did not receive medical care aboard the Vessel or when he got to shore.  *Id.* ¶¶ 35, 36.

Following the Regatta, Mr. Whalen returned to Charleston, South Carolina.  On his flight home, he started to suffer concussion symptoms and sought medical treatment.  *Id.* ¶¶ 37, 38.  He later filed suit against Gleam, Bristol Yacht, and Lenmarine.  (C.A. No. 1:24-cv-00347: ECF No. 20.)

Although Mr. Whalen claims that he was working onboard the Vessel at the time of his injury and that he "performed all the responsibilities and duties customarily assigned [to] a seaman", the defendants maintain that he was never employed by Gleam, Bristol Yacht, or Lenmarine.  *Id.* ¶ 29; *see* C.A. No. 1:24-cv-00347: ECF No. 32-1 at 1-2; ECF No. 33-1 at 2-3.  Instead, they contend that Mr.

Whalen was a passenger who merely assisted the Vessel's crew with trimming the mainsheet. (C.A. No. 1:24-cv-00347: ECF No. 32-1 at 2; 33-1 at 3.)

The defendants Gleam and Bristol Yacht filed counterclaims seeking a declaratory judgment on Mr. Whalen's maintenance and cure claim because they maintain this remedy is exclusive to seamen under the Jones Act. (C.A. No. 1:24-cv-00347: ECF No. 25; ECF No. 26.) In turn, Mr. Whalen has moved to dismiss the counterclaims. (C.A. No. 1:24-cv-00347: ECF No. 28 at 2; ECF No. 29 at 2.)

As in a motion to dismiss a complaint, when passing on a motion to dismiss a counterclaim under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the counterclaim states a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss a counterclaim for failure to state a claim will be granted only if it appears, beyond doubt, that the counterclaimant can prove no facts in support of its claim that entitles it to relief." *Honeywell Consumer Prods., Inc. v. Windmere Corp.*, 993 F. Supp. 22, 24 (D. Mass. 1998). The Court looks "only to the allegations of the counterclaim and if under any theory they are sufficient to state a cause of action, a motion to dismiss the counterclaim must be denied." *Id.* (citing *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir. 1987)).

Arguing that it undermines his right to a jury trial contrary to *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 21 (1963) and is duplicative of the defendants' denials and affirmative defenses, Mr. Whalen moves to dismiss Gleam and Bristol Yacht's counterclaims for declaratory relief. (C.A. No. 1:24-cv-00347: ECF No. 28 at 2; ECF No. 29 at 2.) Mr. Whalen also raises two jurisdictional arguments: that Gleam

waived the counterclaim by failing to include it as a compulsory counterclaim, and that Bristol lacks standing to seek declaratory relief. *Id.*

While Mr. Whalen contends that Gleam waived its counterclaim by failing to include it in its response to the original Complaint, the counterclaim concerns Mr. Whalen' maintenance and cure claim against all three defendants, unlike the original Complaint that asserted it only against Gleam. *See* C.A. No. 1:24-cv-00347: ECF No. 28 at 10-11; ECF No. 20 at 15 (asserting "Claim for Maintenance & Cure" against "Defendants").

Rule 13(a) provides that "a pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1). Even so, "[a] counterclaim that . . . did not accrue or mature until after service of the responsive pleading (i.e., the answer), is not compulsory in the action." 3–13 Edward F. Sherman & Mary P. Squiers, Moore's Federal Practice— Civil § 13.13 (2008) (citing *Burlington N. R. Co. v. Strong*, 907 F.2d 707, 712 (7th Cir. 1990) ("Even when a counterclaim meets the 'same transaction' test, a party need not assert it as a compulsory counterclaim if it has not matured when the party serves his answer.")

Although the claim arises out of the same "transaction or occurrence" it did not mature until Mr. Whalen amended his complaint for the second time to seek maintenance and cure against all three defendants. *See Burlington N. R. Co.*, 907 F.2d at 712. Indeed, Mr. Whalen amended his complaint several times, first to add

4

Bristol Yachts as a defendant, then later adding Lenmarine. *See* C.A. No. 1:24-cv-00347: ECF No. 9 & ECF No. 17. In the Second Amended Complaint, Mr. Whalen sought maintenance and cure against all three defendants. (C.A. No. 1:24-cv-00347: ECF No. 20 at 15.) The decision to seek maintenance and cure against not only Gleam, but also Bristol Yacht and Lenmarine, further complicated the issue. The defendants maintain the counterclaim was brought to streamline the issues before trial and efficiently resolve whether Mr. Whalen is owed maintenance and cure, a remedy exclusively reserved for seamen under the Jones Act. As such, Gleam was not required to assert it in its original answer as a compulsory counterclaim because it did not mature until the second amended complaint.

Mr. Whalen's argument that Bristol Yacht lacks standing to seek declaratory relief is similarly unavailing. (C.A. No. 1:24-cv-00347: ECF No. 29 at 4-5.) Because Bristol Yacht argues that is never employed Mr. Whalen or had any ownership over the Vessel and its crew, it is entitled to seek declaratory relief to clarify whether it owes Mr. Whalen maintenance and cure, a remedy exclusively reserved for seamen.

Next, Mr. Whalen contends that Gleam and Bristol Yacht's counterclaim should be dismissed because it improperly undermines his right to a jury trial as maintenance and cure claims must be tried before a jury when joined with other Jones Act claims. (C.A. No. 1:24-cv-00347: ECF No. 28 at 7-8; ECF No. 29 at 8-9.) True, the Supreme Court has held that where a seaman joins a claim for maintenance and cure (which traditionally does not require jury trial) and Jones Act negligence claim, arising out of same facts, they have a right to a jury trial on both claims. *Fitzgerald*,

5

374 U.S. at 20-21. Otherwise, "[r]equiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of res judicata and collateral estoppel, and can easily result in too much or too little recovery." *Id.* at 18-19. Still, the defendants have the right to challenge Mr. Whalen's right to maintenance and cure, if any. They argue that Mr. Whalen does not qualify as a seaman for purposes of the Jones Act because he was not actually employed to work on the Vessel, meaning that he would not be entitled to maintenance and cure damages. Gleam and Bristol Yacht's counterclaims seek to resolve at the outset Mr. Whalen' claim to this exclusive remedy. While Mr. Whalen is entitled to a jury trial as his maintenance and cure claim arises out of the same circumstances of his negligence claim, this has no bearing on the defendants' capacity to challenge his status as a seaman ahead of trial—whether through a counterclaim for declaratory relief or a dispositive motion. Gleam and Bristol Yacht have an interest in clarifying whether Mr. Whalen is owed any maintenance and cure before undergoing extensive discovery and trial preparation.

Mr. Whalen further contends that the Bristol Yacht and Gleam counterclaims should be dismissed as redundant because there is no independent controversy between him and the defendants on the issue of maintenance and cure. (C.A. No. 1:24-cv-00347: ECF No. 28 at 8-9; ECF No. 29 at 9-10.) A party can challenge a counterclaim as redundant when a "request for declaratory relief brings into question issues that already have been presented in plaintiff's complaint and defendant's answer to the original claim," and the court can exercise its discretion to dismiss it.

6

Charles Alan Wright, et al., Federal Practice & Procedure § 1406, at 30-31 (3d ed. 1999). As the defendants argue, the Second Amended Complaint asks for maintenance and cure from Gleam, Bristol Yacht, and Lenmarine which are separate entities with varying interests and potential liability in the underlying litigation. (C.A. No. 1:24-cv-00347: ECF No. 32-1 at 9.) Thus, the Court sees no reason to exercise its discretion to dismiss the counterclaims because a declaratory judgment clarifying whether Mr. Whalen is owed maintenance and cure could help resolve which defendants, if any, owe him this exclusive remedy.

For the reasons discussed, Mr. Whalen's Motions to Dismiss Defendants' Gleam and Bristol Yacht's Counterclaims (C.A. No. 1:24-cv-00347: ECF No. 28 & 29; C.A. No. 1:24-cv-000523: ECF No. 14 & 15) are DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

July 14, 2025